# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DAVID NIELSEN, *Plaintiff*, v. RUSSELL L. MILLER, *et al.*, *Defendants*. | CASE NO. 3:20-cv-00064 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Plaintiff David Nielsen filed a breach of contract action, seeking specific performance and damages, against Defendants Russell L. Miller, Jean C. Miller, 2275 Seminole Lane LLC, the United States Small Business Administration, and Atlantic Union Bank. After Nielsen filed his complaint in the Circuit Court for Albemarle County, Virginia, the United States Small Business Administration removed the action to this Court. Dkt. 1-1. The United States Small Business Administration and the Millers subsequently filed motions to dismiss. Dkts. 15, 17.

The Court will dismiss the United States Small Business Association from this suit because it lacks subject matter jurisdiction over Nielsen's claim against the agency under the doctrine of sovereign immunity. Since Nielsen has alleged neither claims arising under federal law nor diversity of the remaining parties, the Court lacks subject matter jurisdiction and will remand the case to state court.

## I. ALLEGED FACTUAL BACKGROUND

For the purposes of ruling on the motions to dismiss, the Court accepts as true the following allegations set forth in the complaint.

1

### A. Sale of 2275 Seminole Lane

On April 11, 2017, Nielsen and the Millers entered into a purchase contract for a property located at 2275 Seminole Lane in Albemarle County, Virginia, for $1,600,000. Dkt. 1-1 ¶ 9; *id.* at 12. Nielsen paid the required deposit of $10,000 on time, and he was ready, willing, and able to close on June 15, 2017, the settlement date specified in the contract. *Id.* ¶¶ 10–11; *id.* at 12. Because the United States Small Business Administration ("SBA") had recorded a deed of trust for $907,000 on the property in 2007, the short sale required SBA approval. *Id.* ¶ 12; Dkt. 8 at 99. The Millers failed to close on the agreed date because they lacked such approval. Dkt. 1-1 ¶ 12. The SBA approved the short sale approximately one year later, on July 16, 2018.[1] *Id.* ¶ 13. By that date, however, Nielsen's financing had fallen through, and he was unable to close. *Id.* ¶ 15. The parties negotiated several extensions to the closing date as Nielsen attempted to secure financing. *Id.*

On January 18, 2019, the Millers delivered a notice of termination to Nielsen.[2] *Id.* ¶ 25. Nielsen refused to sign a release freeing both parties from liability under the purchase contract. *Id.* ¶¶ 30–31.

On March 8, 2019, Nielsen secured financing and informed the Millers by a letter sent via email that he was ready and willing to close on March 29, 2019. *Id.* ¶¶ 19–20. Unknown to Nielsen, the Millers had been in negotiations to sell the property at a higher price to 2275 Seminole Lane LLC.[3] *Id.* ¶¶ 21, 24. The Millers' counsel emailed Nielsen's letter to 2275 Seminole Lane LLC's

---

[1] The SBA approved the sale as long as it received "the greater of $611,254.91 or net proceeds" with the "[s]ale to close by 8/18/18." Dkt. 8 at 102.

[2] The Millers also refunded Nielsen's deposit. Dkt. 16 at 4.

[3] The Millers and 2275 Seminole Lane entered into a contract on January 22, 2019. Dkt. 16 at 4.

counsel on March 8, 2019. *Id.* ¶¶ 22, 41; *see also id.* at 23–25. Counsel for 2275 Seminole Lane LLC asked the Millers' counsel to check the land records to see if Nielsen had filed a *lis pendens*; he found none. *Id.* ¶¶ 34–35, 38; *see also id.* at 33.

On March 18, 2019, Nielsen filed his original complaint against the Millers in Albemarle County Circuit Court seeking only specific performance (Count I). *Id.* ¶ 36. Nielsen also filed a *lis pendens* on that date, but the clerk's office did not record it until March 22, 2019. *Id.* ¶ 37. On March 21, 2019, the Millers recorded a deed dated March 13, 2019, showing that they sold the property for $1,825,000 to 2275 Seminole Lane LLC.[4] *Id.* ¶ 39; Dkt. 8 at 115. Nielsen provided the Millers' counsel a courtesy copy of the complaint on March 21, 2019. Dkt. 1-1 ¶ 39.

At closing, the Millers received about $192,000; Atlantic Union Bank received about $837,000; and the SBA received about $789,000. *Id.* ¶ 43.

### B. Procedural History

Nielsen first amended his complaint in Albemarle County Circuit Court to add 2275 Seminole Lane LLC as a party and to include a claim for damages under the contract (Count II). The Millers then filed a motion to dismiss, arguing that the SBA was a necessary party. The Circuit Court agreed, concluding that, "[w]ere the court to order specific performance, the SBA would need to refund the approximately $175,000 difference in proceeds it would have received." Dkt. 8 at 214; *see id.* at 213–14, 232–34. Accordingly, the Circuit Court dismissed Count I (specific performance) without prejudice. *Id.* at 232–35.

---

[4] On March 18, 2019, the SBA approved the short sale as long as the SBA received "the greater of $786,775.37 or all net proceeds" with the closing to "be completed by 03/29/2019." Dkt. 8 at 101.

Nielsen filed the second amended complaint, adding the SBA and Atlantic Union Bank as defendants and repleading Count I. Dkt. 1-1. The SBA, a federal agency, then removed the case to this Court based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[5] Dkt. 1.

## II. LEGAL STANDARD

In a facial challenge to subject matter jurisdiction pursuant to a motion to dismiss under Rule 12(b)(1), "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration.'" *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

## III. ANALYSIS

The SBA argues that the Court lacks subject matter jurisdiction over it because it is immune from suit as an agency of the United States.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Sovereign immunity is "jurisdictional in nature," and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).[6] "A waiver of the Federal Government's sovereign immunity must be

---

[5] 28 U.S.C. § 1442(a)(1) allows for removal of suits against "[t]he United States or any agency thereof . . . for or relating to any act under color of such office." *See State of N. C. v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967) ("[T]he central and grave concern of the statute is that a Federal officer or agent shall not be forced to answer for conduct assertedly within his duties in any but a Federal forum.").

[6] "Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of, but not the same as, subject matter jurisdiction, in that unless sovereign immunity be waived, there may

4

unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The SBA argues that Congress has not waived its sovereign immunity for the equitable relief Nielsen seeks. Pursuant to 5 U.S.C. § 634(b)(1), the SBA's Administrator

> may sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; *but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property* . . . . (Emphasis added.)

The SBA contends that the Court does not have jurisdiction over the SBA to order "virtually any equitable relief" under § 634(b)(1). Dkt. 16 at 7.

Indeed, the Fourth Circuit has held that "section 634(b)(1) precludes the imposition of an equitable lien on any funds belonging to the SBA" and that "courts have no jurisdiction to award injunctive relief against the SBA." *J.C. Driskill*, 901 F.2d at 386 (citing *Duncan v. Furrow Auction Co.*, 564 F.2d 1107, 1109 (4th Cir. 1977)).[7] "Specific performance is an equitable remedy," *Chattin v. Chattin*, 427 S.E.2d 347, 350 (Va. 1993) (internal citation omitted), and the Fifth Circuit has held that § 634(b)(1) bars suits against the SBA that "seek[] injunctive relief in the nature of specific performance." *Romeo v. United States*, 462 F.2d 1036, 1038 (5th Cir. 1972).

Here, to be sure, Nielsen does not directly seek specific performance from the SBA, but rather from the Millers. Nielsen states that the second amended complaint "does not seek any relief

---

be no consideration of the subject matter." *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n.4 (4th Cir. 1990) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

[7] Although some courts have concluded that the no-injunction language in § 634(b)(1) is not "a bar to judicial review of agency actions that exceed agency authority where the remedies would not interfere with internal agency operations," *Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1057 (1st Cir. 1987), this case does not involve allegations that the SBA exceeded agency authority. Indeed, the second amended complaint does not ask for any relief from the SBA at all.

5

from the SBA, [and thus he] is indifferent as to whether the SBA remains a party in this case." Dkt. 19 at 1. At any rate, the SBA is immune from any order for an injunction, equitable lien, or specific performance. Nielsen does not seek damages from the SBA for the Millers' alleged breach of the purchase contract. Therefore, Nielsen's claim against the SBA does not fall within the limited waiver of the SBA's sovereign immunity articulated in § 634(b)(1). Accordingly, Nielsen's claim against the SBA fails for lack of subject matter jurisdiction.[8] Therefore, the Court will grant the SBA's motion and dismiss the SBA as a defendant.

Furthermore, Nielsen's breach of contract claims for damages and specific performance do not arise under federal law, and Nielsen has not alleged that the parties remaining after the SBA's dismissal are diverse. Because it lacks subject matter jurisdiction over the remaining claims and parties, the Court will remand this action to state court for further proceedings.[9] *See*

---

[8] Nor did this Court acquire subject matter jurisdiction by virtue of the case's removal under 28 U.S.C. § 1442(a)(1). "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ." *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382 (1922)) (internal quotation marks omitted). Neither this Court nor any state court has subject matter jurisdiction over Nielsen's claim against the SBA. Thus, "under th[e] doctrine of derivative jurisdiction, because the [Virginia] state court did not have subject-matter jurisdiction over [Nielsen's] claim against the [SBA], neither [does this C]ourt after the [SBA] removed the action under 28 U.S.C. § 1442(a)." *Id.*; *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 233–35 (2007); *Palmer v. City Nat. Bank of W. Va.*, 498 F.3d 236, 249 (4th Cir. 2007).

[9] Even if the Court had subject matter jurisdiction over this action following the SBA's removal to this Court pursuant to 28 U.S.C. § 1442(a)(1), the Court would exercise its discretion to remand the remaining claims because (1) those claims involve issues of state law only, (2) the litigation is in its initial stages, and (3) Nielsen, the plaintiff, originally filed the action in Albemarle County Circuit Court, his forum of choice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); 14C FED. PRAC. & PROC. JURIS. § 3726 (Rev. 4th ed.) ("Whether the supplemental claims should be remanded if the federal officer's 'anchor' claim is dismissed or settled, or if the supplemental claims have been asserted against non-federal parties, depends on considerations of comity, federalism, judicial economy, and fairness to litigants."). However, in the circumstances of this case, the Court doubts that it could invoke supplemental jurisdiction to

28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Palmer*, 498 F.3d at 243 (affirming order "dismiss[ing] claims against the federal defendants" and remanding remaining claims to state court for lack of subject matter jurisdiction under § 1447(c)). Accordingly, the Court will direct the Clerk of Court to terminate the Millers' motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that the SBA is immune from suit under the doctrine of sovereign immunity and that it therefore lacks subject matter jurisdiction over Nielsen's claim against the SBA. The Court further concludes that it lacks subject matter jurisdiction over the remaining parties and claims in this action. Accordingly, the Court will dismiss the SBA as a defendant and remand the action to state court.

An appropriate Order will issue.

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record.

Entered this  17th  day of May, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

hear the remaining claims. *See Powerex Corp.*, 551 U.S. at 235 n.3 ("Petitioner provides no authority from this Court supporting the proposition that a district court presiding over a multiparty removed case can invoke supplemental jurisdiction to hear claims against a party that cannot independently remove when the claims against the only parties authorized to remove are barred by *sovereign immunity*.") (emphasis in original).